# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

IN RE:  CASE NO.: **16-49805 tjt**
    **David Scott Junak,**  Chapter **13**
        Judge: **Thomas J. Tucker**

        Debtors.
_____/

**David Scott Junak,**

        Plaintiff,  Adv Proc. No.:

**People First Fund,**

        Defendant.
_____/

## COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY

**NOW COMES** Plaintiff, David Scott Junack, (hereinafter referred to as "Plaintiff") by and through the Law Office of Richard H. Clark, PLLC, attorney Richard H. Clark and file this Complaint to Avoid Security Interest in Real Property against the holder of the Second Mortgage on their residence Franklin Credit Management Corporation (hereinafter referred to as "Defendant") stating as follows:

1. Plaintiff brings this complaint pursuant to 11 U.S.C. 506 and submits themselves to jurisdiction of the Court through Fed. R. Banks P.§ 7001 and §7004.

2. Plaintiff Debtors filed a Voluntary Chapter 13 with this court on or about July 10, 2016.

3. A Chapter 13 Plan was filed contemporaneously with this complaint, which proposes to strip the lien of Defendant from the collateral commonly known as

17534 Grettel, Fraser, MI. 48026-1796 and treating Defendant's claim as wholly unsecured.

4. That there are currently two separate mortgages on Plaintiff's principal residence located 17534 Grettel, Fraser, MI. 48026-1796, the following described premises situated in the City of Fraser, Macomb, State of Michigan and is described as follows:

> LOT 125, MOULIN ROUGE EAST SUBDIVISION NO. 2, AS RECORDED IN LIBER 44, PAGES 27 AND 28 OF PLATS, MACOMB COUNTY RECORDS
>
> Tax Id No. 11-32-476-016

5. That the first mortgage is currently held by Seterus, Inc., which the principal amount owed is approximately $117,534.00; recorded on October 3, 2001 at Liber 10807, Page 546, Macomb County Register of Deeds The total secured claim is approximately $111,000.00.

6. The second mortgage is claimed to be held by Defendant in the amount of approximately $44,246.55; **recorded October 3, 2001 at Liber 10807 Page 559 Macomb County Register of Deeds.**

7. That 11 U.S.C. 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extend that its interest is less than the amount of its allowed secured claim.

8. The property has a value of approximately $111,000.00 according to Debtor's market analysis, That the interest of the First Mortgagee exceeds the value of the collateral.

9. That Defendant is wholly unsecured because no equity exists from the value to debt ratio of the senior lien(s) and value of the subject property.

10. The subject would have to be worth in excess of $161,780.00 for the Defendant to have any security interest.

11. That the Plaintiff is entitled to avoid the Second Mortgage in the Plaintiff's property under the provisions of 11 U.S.C 506, as this Defendant's lien is not an "allowed secured claim" as defined by the Code and applicable case law.

12. Therefore, Defendant's claim secured by the Second Mortgage should be treated as an unsecured claim and paid as a Class 8 creditor pursuant to Plaintiff Debtor's Chapter 13 Plan of reorganization.

13. The interest of good faith and justice support the requested relief.

**WHEREFORE**, Plaintiff prays this honorable Court grant Plaintiff's requested relief to Avoid Security Interest and Lien in the above referenced Property, or for such relief as this Court deems equitable and just.

Dated: August 22, 2016   **Respectfully submitted,**

/s/ Richard H. Clark
Richard H. Clark  (P69849)
30833 Northwestern Hwy., Ste 224
Farmington Hills, MI.  48334
(248) 626-3723
richclark@clarkclarklaw.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

| | |
|---|---|
| IN RE:<br>**David Scott Junak,**<br><br>Debtors.<br>_____/ | CASE NO.**: 16-49805 tjt**<br>Chapter **13**<br>Judge: **Thomas J. Tucker** |
| **David Scott Junak,**<br><br>Plaintiff, | Adv Proc. No.: |
| **People First Fund,**<br><br>Defendant.<br>_____/ | |

## PROPOSED ORDER DETERMINING THE EXTENT OF
## THE SECOND LIEN OF DEFENDANT

Upon the Stipulation/Entry of Default of the Plaintiff, David Scott Junak and Defendant People First Fund as to the extent of the Defendants Secondary Lien in Plaintiff's residence, and the Court being otherwise fully advised in the premises.

**IT IS HEREBY ORDERED** that the Defendants purported Second Lien with an outstanding balance of approximately $44,246.55 on the Plaintiff's real property commonly known as 17534 Grettel, Fraser, MI. 48026-1796, County of Macomb, shall be abrogated and null and void if the Plaintiff completes the Chapter 13 Plan and receive an order of discharged.

**IT IS FURTHER ORDERED** that upon completion of the debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order in bankruptcy case number **16-49805 tjt**, the mortgage ("Mortgage") dated October 3, 2001, covering the following described property ("Property")

situated in the City of Fraser, County of Macomb, State of Michigan, and further described as follows:

> **LOT 125, MOULIN ROUGE EAST SUBDIVISION NO. 2, AS RECORDED IN LIBER 44, PAGES 27 AND 28 OF PLATS, MACOMB COUNTY RECORDS**
>
> **Tax Id No. 11-32-476-016**

Recorded in the Macomb County Register of Deeds October 3, 2001, Liber 10807, Page 559, will be stripped from the Property and discharged.

**IT IS FURTHER ORDERED** that upon completion of the debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order in bankruptcy case number **16-49805 tjt**, the debtor may record a certified copy of this order, with a copy of the debtor's Chapter 13 discharge order attached, with the Macomb County Register of Deeds, which will constitute and effectuate the discharge of the Mortgage.

**IT IS FURTHER ORDERED** that if the debtor fails to complete the debtor's Chapter 13 Plan and obtain a Chapter 13 discharge order in bankruptcy case number **16-49805 tjt**, this order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the debtor either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

**IT IS FURTHER ORDERED** that Defendant shall have an allowed unsecured claim in the above-referenced Chapter 13 bankruptcy case.

**IT IS FURTHER ORDERED** that in the event that the Plaintiff refinances the loans on the subject property or sell the subject property prior to the completion of the Chapter 13 case

and receipt of a Chapter 13 order of discharge then the Second Mortgage will be paid in full at closing unless a lesser amount is agreed by all parties.

**IT IS FURTHER ORDERED** that in the event that the Chapter 13 case is dismissed or converted to a case under Chapter 7 of the code, this order shall be null and void and without

**IT IS FURTHER ORDERED** that should the Register of Deeds require additional documentation to release the lien, that upon Affidavit of Plaintiff's counsel this order shall act as authorization for Plaintiff's counsel to execute any termination statement to release the lien on behalf of the Defendant.